# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELBY TYRONE CLARK, JR., : <br>     Plaintiff, : <br> : <br>     V. : <br> : <br> LT. BROOKE ALBERT, *et al.*, : <br>     Defendants. : | CIVIL ACTION NO. 21-CV-4096 |

## ORDER

AND NOW, this 2nd day of December, 2021, upon consideration of Plaintiff Shelby Tyrone Clark, Jr.'s *pro se* Amended Complaint (ECF No. 9), it is **ORDERED** that:

    1.    The Clerk of Court is **DIRECTED** to **AMEND** the caption to reflect the Defendants named in the Amended Complaint: Lt. Brooke Albert, Janine Donate, Kyle Russell, Name Unknown #2 Correctional Officer, Robert McFadden, Steven Miller, Douglas Mette, and Tyler Correctional Officer;

    2.    For the reasons stated in the Court's Memorandum, the following claims in Mr. Clark's Amended Complaint are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

        a.    All official capacity claims against all Defendants; and

        b.    All individual capacity claims against Defendants Lt. Brooke Albert, Janine Donate, Kyle Russell, Name Unknown #2 Correctional Officer, Robert McFadden, Steven Miller, and Douglas Mette;

3. The Clerk of Court shall terminate Lt. Brooke Albert, Janine Donate, Name Unknown #2 Correctional Officer, Robert McFadden, Steven Miller, and Douglas Mette as Defendants;

4. For the reasons stated in the Court's Memorandum, Mr. Clark's claim asserting deliberate indifference to a serious medical need is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Clark may reassert his claim for deliberate indifference to a serious medical need by filing a new civil action naming a proper defendant with personal involvement in his alleged claim;

5. The Clerk of Court shall send Mr. Clark (1) a blank copy of the Court's standard form complaint for prisoners to use to file a complaint and (2) a blank copy of the Court's standard form application for a prisoner proceeding *in forma pauperis*. The blank copies should **not** bear the above civil action number;

6. The Clerk of Court shall issue summonses and transmit the summonses a copy of the Amended Complaint (ECF No. 9), this Order, and the accompanying Memorandum to the U.S. Marshals Service for immediate service upon Defendant Kyle Russell as a placeholder for Officer Tyler;

7. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service

has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
>   (Signature)"

8. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. The Court directs Mr. Clark to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal of this case;

9. The Court directs Mr. Clark to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Mr. Clark shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence;

10. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court;

11. In the event a summons is returned unexecuted, it is Mr. Clark's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made; and

12. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**